**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **PETTETT FUNERAL HOME, LTD., on behalf of themselves and all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 10-1000-GPM** |
| ) | |
| **MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). Plaintiff Pettett Funeral Home, Ltd. ("Pettett"), brings this action against Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), Merrill Lynch Life Agency, Bank of America, N.A., as successor in interest to Merrill Lynch Bank & Trust Co., FSB, Edward Louis Schainker, Paul W. Felsch, Mark A. Summer, and Transamerica Advisors Life Insurance Company f/k/a Merrill Lynch Life Insurance Company, in connection with losses allegedly caused by Defendants

to the Illinois Funeral Directors Association Preneed Trust ("the Preneed Trust").  Pettett asserts the existence of federal subject matter jurisdiction in this case on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).  Having reviewed sua sponte the jurisdictional allegations of Pettett's operative complaint in this case (Doc. 14), the Court discerns a flaw in those allegations.

As an initial matter, the Court notes the prerequisites for the exercise of federal jurisdiction pursuant to the CAFA.  Under the CAFA federal courts have jurisdiction, subject to specified exceptions, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), with respect to:  (1) a class action, including a putative class action; (2) that is commenced on or after February 18, 2005; (3) in which claims are asserted on behalf of 100 or more class members; (4) at least one class member is a citizen of a state different from at least one defendant or, alternatively, at least one class member is a foreign state or a citizen or subject of a foreign state and at least one defendant is a citizen of a state (and vice versa), and; (5) the class claims exceed in the aggregate $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(1)(B), (d)(1)(D), (d)(2), (d)(5)(B), (d)(6), (d)(7), (d)(8); *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 330 (7th Cir. 2009); *Baker v. Acer Am. Corp.*, Civil No. 09-885-GPM, 2009 WL 3681865, at *1 (S.D. Ill. Nov. 3, 2009); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4).

In this instance, this case is a putative class action that was commenced, that is to say, filed, after the effective date of the CAFA.  *See Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 772 (S.D. Ill. 2006) (citing *Knudsen v. Liberty Mut. Ins.*

*Co.*, 411 F.3d 805, 806 (7th Cir. 2005)) ("In general a class action is commenced for purposes of . . . CAFA on the date it originally was filed[.]").  Turning then to the matter of minimal diversity of citizenship, the Court can judicially notice the records of corporations maintained online by the Illinois Secretary of State at http://www.ilsos.gov/corporatellc/index.jsp.  *See Laborers' Pension Fund v. Blackmore Sewer Constr., Inc*., 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from the official website of the Federal Deposit Insurance Corporation); *Bova v. U.S. Bank, N.A*., 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (judicially noticing online records of corporations maintained by the Illinois Secretary of State).  Those records reflect that Pettett is a corporation incorporated under Illinois law.  Merrill Lynch is alleged in Pettett's operative complaint to be a corporation incorporated under Delaware law.  *See* Doc. 14 at 5 ¶ 16.  Accordingly, the requisite minimal diversity of citizenship exists in this case.  *See Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981) (citing 28 U.S.C. § 1332(c)(1)) (for purposes of federal subject matter jurisdiction in diversity, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business).  Also, while Pettett's operative complaint does not plead for a specific amount of damages, the loss to the Preneed Trust allegedly caused by Defendants is claimed to be at least $184,000,000.  *See* Doc. 14 at 47 ¶ 161.  Thus, it appears that an aggregate amount in excess of $5,000,000 is in controversy in this case.

Unfortunately, with respect to the number of members of the proposed class, Pettett alleges that it "is informed and believes that the proposed Class contains hundreds of similarly situated persons and entities who deposited funds in . . . the Preneed Trust."  Doc. 14 at 38 ¶ 124.  In general, of course, allegations of jurisdictional fact made on the basis of "information and belief" rather than on the basis of personal knowledge are insufficient to invoke the subject matter jurisdiction of a

federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Hunt v. Davita, Inc.*, Civil No. 10-602-GPM, 2010 WL 3219500, at *2 (S.D. Ill. Aug. 13, 2010); *Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010) (collecting cases); *Leggitt v. Wal-Mart Stores, Inc.*, Civil No. 10-245-GPM, 2010 WL 1416833, at *3 (S.D. Ill. Apr. 5, 2010); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006). Accordingly, Pettett must file a second amended complaint that omits all reference to information and belief from the allegations of the complaint concerning federal subject matter jurisdiction.

To conclude, it is hereby **ORDERED** that Pettett shall file a second amended complaint that corrects the defect in Pettett's pleading of the Court's subject matter jurisdiction in diversity in Pettett's operative complaint that is addressed in this Order not later than Friday, January 7, 2011, at 12:00 noon. Failure to file a second amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: December 29, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge